IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 3:04-0568 Judge Trauger |
| INTERNET MARKETING GROUP, INC., *et al.*, | ) ) | Magistrate Judge Knowles |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

On May 6, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that six motions filed by defendant Internet Marketing Group ("IMG") for release of frozen assets to pay attorney's fees and expenses (Docket Nos. 204, 254, 294, 330, 347, 366) be granted. (Docket No. 382) Plaintiff Federal Trade Commission ("FTC") has filed objections to that Report and Recommendation (Docket No. 388), and defendant IMG has filed a response (Docket No. 390).

The motions at issue relate to a non-dispositive matter. Therefore, this court may only reconsider the issue if the Magistrate Judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), FED. R. CIV. P. This is a "limited standard of review." *Massey v. City of Ferndale,* 7 F.3d 506, 509 (6th Cir. 1993). A ruling is clearly erroneous "where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991) (internal citations omitted). The test is "not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the

reviewing court would draw.  Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (internal citations omitted).

The FTC's objections basically track their opposition to the original motions, with one exception.  Drawing upon information of record in this case, the FTC asserts that the frozen deposit accounts contain a balance of only $374,000.  (Docket No. 388 at 4)  Then, reciting additional orders that have been entered, the plaintiff shows that the frozen assets are insufficient even to pay the fees and expenses of the Receiver, whose right to compensation is clearly superior to that of IMG's counsel.  (*Id.* at 9-10) This is a new argument apparently not presented to the Magistrate Judge and clearly not considered by him in his Report and Recommendation. In its Response to the FTC's Objection, IMG does not dispute the $374,000 figure on deposit in the frozen accounts; it simply points out some additional assets that the Receiver may be able to liquidate in order to make more funds available for payment of the Receiver's fees and expenses. (Docket No. 390 at 7-8)

This new argument, not considered by the Magistrate Judge, convinces this court that the Magistrate Judge's ruling was against the clear weight of the evidence and leaves this court with the firm conviction that a mistake has been made.  IMG's assets were frozen in the first place because of the substantial likelihood that the FTC would prevail on the merits of this case and prove that IMG has committed a fraud upon consumers, causing damages valued in the millions of dollars.  The Stipulated Preliminary Injunction Order (Docket No. 125) made the payment of attorney's fees to IMG's counsel in excess of $10,000 entirely discretionary with this court.

Given the very small amount of frozen assets available to pay the Receiver and to pay potential damages to consumers, should the FTC prove its case at trial, the equities all favor preserving the frozen assets that remain for the payment of the Receiver's fees and expenses and damages to the alleged victims of fraud. The Magistrate Judge apparently was not presented with this information nor this argument. Had he been, this court is confident that his ruling would have been otherwise.

For the reasons expressed herein, the court **REJECTS** the Report and Recommendation and hereby **DENIES** IMG's motions for release of frozen assets to pay attorney's fees and expenses (Docket Nos. 204, 254, 294, 330, 347, 366).

It is so **ORDERED**.

ENTER this 29th day of August 2005.

_____
ALETA A. TRAUGER
U.S. District Judge