**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:04-0568** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| **INTERNET MARKETING GROUP,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the "Motion of Defendants' Internet Marketing Group, Inc. and Cindy Austin Gannon for Summary Judgment." Docket No. 409. (These Defendants will hereinafter sometimes be referred to as the "IMG Defendants.") The IMG Defendants have filed a supporting Memorandum (Docket No. 460) and a Statement of Undisputed Material Facts pursuant to Local Rule 8(b)(7)(b) (Docket No. 411). Plaintiff has filed an "Opposition" to the IMG Defendants' Motion for Summary Judgment (Docket No. 431) and a Response to the IMG Defendants' Statement of Undisputed Material Facts. Docket No. 426. The IMG Defendants have also filed a Reply in support of their Motion for Summary Judgment. Docket No. 445.

The other individual Defendants in this action, Paul Bonnallie, Michael Hatch, David Cutler, and Tisa Spraul (sometimes referred to as the "Florida Defendants") have filed a "Notice" purporting to adopt the Motion for Summary Judgment filed by the IMG Defendants. Docket No. 415. Plaintiff has filed a Motion to Strike that Notice (Docket No. 421), and the

Florida Defendants have filed a Response to that Motion to Strike (Docket No. 436).

The Court begins by noting its reluctance to rely upon the Statement of Undisputed Material Facts and the Responses thereto filed in connection with the instant Motion. The Court has previously submitted a Report and Recommendation concerning a separate Statement of Undisputed Material Facts and Responses thereto that were filed in support of Plaintiff's Motion for Summary Judgment. Docket No. 498. As was discussed extensively in that Report and Recommendation, the Court determined that it could not rely upon the FTC's citations to the record to support the proposition that particular facts were undisputed, nor could it rely upon the IMG Defendants' Responses to those undisputed facts.

Unfortunately, the Court reaches the same conclusion with regard to the undisputed facts submitted by the IMG Defendants in support of the instant Motion for Summary Judgment.

This conclusion is evidenced in the very first Statement of Undisputed Material Fact and Response thereto submitted in this case. Undisputed fact No. 1 and the Response thereto state as follows:

> When asked to identify the false or misleading misrepresentations made by IMG or Gannon regarding customer income, the Federal Trade Commission (the "FTC") identified three issues:
>
> 1. "Pay-per-use" income data provided in IMG presentations were based on "industry averages" taken from the Summit Research Website, and not on any actual experiences of IMG customers,
>
> 2. References to terminal income as part of discussion of on-line capability to track pay-per-use revenues were provided by TelEasy, not by IMG customers, and
>
> 3. References to advertising revenues were purely hypothetical, and not based on actual experiences of IMG customers.

2

Docket No. 426, No. 1.

As authority for this proposition, the IMG Defendants cite the FTC's Response to

Interrogatory No. 2 (which can be found in Docket No. 412, Ex. A, p. 13-14).

Plaintiff's Response to Statement of Undisputed Material Fact No. 1 is as follows:

**RESPONSE: Disputed**.

The IMG Defendants' Interrogatory 2 did not request that FTC
"identify the false and misleading misrepresentations made by
IMG or Gannon"; rather, it requested that FTC state "what
evidence you have of any false or misleading representations made
by IMG or Gannon regarding their customers income." The
evidence that FTC cited included deposition testimony that: IMG's
"pay-per-use" income representations were based on industry
averages, on "industry averages" taken from the Summit Research
Website; examples of terminal income used in IMG's presentation
were taken from data provided by TelEasy and referring to
terminals manufactured by TelEasy; IMG's representations with
respect to potential advertising revenues were purely hypothetical;
and that ***none*** of these representations were based on actual
experiences of IMG's owner-operators.

The IMG Defendants' SUMF No. 1 omits mention of the
additional evidence of the substance of IMG's misrepresentations,
evidence identified in detail in the remainder of FTC's Answer to
Interrogatory 2 (citation omitted), as well as deposition testimony
and exhibit [*sic*] and its own admissions and written discovery
responses, detailed in FTC's Statement of Undisputed Material
Facts, Dkt. #404 ("FS"), Nos. 177-193. This omitted evidence
established that IMG representatives promised consumers that
IMG could show them how to make over $2000 a month in only 2-
4 hours a month (FS, No. 177, and evidence cited therein); stated
that each IMG terminal represented average pay-per use revenues
of $41.30 per day or $14,868 per year (FS, Nos. 178-179, and
evidence cited therein); stated that each IMG terminal represented
potential advertising revenues of $3,000 per month (FS, Nos. 183-
186); and stated that IMG owner-operators' return on investment
could be as much as 199% within 15 months (FS, Nos. 188-190,
and evidence cited therein). The IMG Defendants' SUMF No. 1
also omits mention of the evidence that very few IMG owner-
operators actually receive terminals to generate any income from

3

any source, evidence detailed in FTC's Answer to Interrogatory 1
(citation omitted) and (FS, Nos. 194-198). These omissions make
SUMF No. 1 so incomplete as to be inaccurate.

Docket No. 426, p. 2-3.

The Court notes that the FTC is absolutely correct that the IMG Defendants'
Interrogatory 2 clearly did not request that the FTC "identify the false and misleading
misrepresentations made by IMG or Gannon." Instead, the Interrogatory plainly requested that
IMG "state what evidence you have of any false or misleading representations made by IMG or
Gannon regarding their customers' income."

While this may appear to be a small point, given the situation discussed in the Court's
Report and Recommendation cited above (Docket No. 498), it is of serious concern to the
undersigned. Essentially, in the first two lines of their first undisputed fact, the IMG Defendants
have apparently continued the conduct that the Court discussed (and disapproved) in the
previous Report and Recommendation.

Additionally, in responding to the above Statement of Undisputed Fact, the FTC has
relied in part upon its Statement of Undisputed Material Facts which was the subject of the
previous Report and Recommendation. As that Report and Recommendation concluded, the
Court simply cannot rely upon the allegedly undisputed facts set forth in that Statement of
Undisputed Material Fact.

Moreover, undisputed Material Fact No. 30 states as follows, "When asked to provide
any evidence it has to show that the IMG Defendants are "sellers" under the Telemarketing Sales
Rule, the FTC identified six declarations." Docket No. 426, p. 19. As authority for that
proposition, the IMG Defendants cite Plaintiff's Response to Request for Admission No. 32 and

4

Interrogatory No. 32, both of which are found in Docket No. 412, p. 32, 36-37. Plaintiff disputes this fact, stating in part, "SUMF #30 is such an incomplete statement of FTC's Response to Interrogatory 32 that it is misleading and therefore inaccurate." The Court will not bother to quote the entire Response of Plaintiff to Interrogatory No. 32, but it suffices to say that the IMG Defendants have again attempted to misrepresent the record to the Court in this undisputed fact. The Response to Interrogatory No. 32 does not cite six declarations – it cites seven declarations. While that, in and of itself, is not such a huge discrepancy, Plaintiff's Response to Interrogatory No. 32 also cites to the depositions (and the exhibits thereto) of Paul Bonnallie, David Cutler, Cindy Gannon, Michael Hatch, Tisa Christiana Spraul, Robin White Cote and the corporate representatives of Guardian Enterprises/Communication and HelpDesk Now, Inc. Additionally, the Interrogatory Response cites approximately 25 separate exhibits and enough other documents to comprise almost a full page. Docket No. 412, Ex. A, p. 37-38.

In view of the foregoing, and with the background set forth in the Court's previous Report and Recommendation, the undersigned concludes that the IMG Defendants' Statement of Undisputed Material Facts does not comply with Local Rule 8(b)(7)(b). The IMG Defendants, therefore, have not established that there is no genuine issue as to any material fact, and the undersigned recommends that their Motion for Summary Judgment (Docket No. 409) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

6