## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.    3:04-0568** |
| **v.** | ) | |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| **INTERNET MARKETING GROUP,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the court is the Magistrate Judge's Report and Recommendation issued on January 11, 2006 (Docket No. 498) recommending that the Summary Judgment Motion of plaintiff Federal Trade Commission ("FTC") be denied based upon the FTC's purported filing of a Statement of Undisputed Facts that inaccurately reflects the record and, therefore, fails to comply with Local Rule 8(b)(7)(b).  FTC has filed timely objections to the Report and Recommendation.  (Docket No. 504)  For the reasons stated herein, the Report and Recommendation will be accepted to the extent that it recommends denying summary judgment. The grounds for that ruling are modified slightly below.

## I.    STANDARD

Under Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(C), this court must make a *de novo* determination of any portion of the report and recommendation to which specific objection is made.  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge

with instructions." Fed. R. Civ. P. 72(b). Here, FTC has objected to the "Report's assertions and conclusions with respect to the accuracy and adequacy of FTC's FS [Factual Statement]" and to the recommendation that FTC's Motion for Summary Judgment be denied on this basis. Therefore, a thorough examination of the grounds upon which the Magistrate Judge found that the plaintiff's Statement of Undisputed Material Facts inaccurately reflects the record is necessary.

## II.   ANALYSIS

The Report and Recommendation concludes that FTC failed to comply with Local Rule 8(b)(7)(b) by misrepresenting the record throughout its Statement of Undisputed Material Facts. Local Rule 8(b)(7)(b) provides, in pertinent part, that:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record.

Local Rule 8(b)(7)(b) (italics in original). FTC does not object to the Magistrate Judge's irrefutable assertion that the facts set forth in the Statement of Facts must accurately reflect and/or summarize the facts that appear elsewhere in the record. However, FTC argues that each of its numbered factual statements is fully supported by the record and the evidence developed in this litigation and that none of the examples given in the Report and Recommendation support the conclusion that FTC or its counsel intentionally misrepresented the record to the court. (Docket No. 504 p. 13)

In fact, the Report and Recommendation makes no specific finding with respect to the intent of the FTC.[1]  Rather, the Magistrate Judge's recommendation that summary judgment be granted rests upon the fact that, "[i]n numerous instances, Plaintiff states a fact to be 'undisputed' and provides a citation to the record supporting that undisputed fact, when, in reality, the cited portion of the record plainly does not support the fact."  (Docket No. 487 pp. 4–5)  After citing ten examples of such conduct, which, according to the Report, are "merely some of the situations in which Plaintiff has misrepresented the record to the Court," the Report concludes that FTC's Statement of Undisputed Material Facts is "clearly improper under Local Rule 8(b)(7)(b)" and, as a result, finds that FTC has not met its burden of establishing that there is no genuine issue as to any material fact.  *Id*. pp. 11–12.   Because, as discussed below,  the court agrees that nine of the ten examples cited in the Report and Recommendation clearly reveal that FTC misrepresented the evidence to the court, in varying degrees, the Report and Recommendation will be accepted.[2]

A.      **Undisputed Fact #255: IMG's sales presentation stated that its business opportunity included IMG's Five Stage Location Assistance Program (IMG Adm 4233 [Adm**

---

[1]It is true that, on page 12 of the Report and Recommendation, the Magistrate Judge observes that "[i]t seems entirely possible that Plaintiff's counsel has also violated Fed. R. civ. P. 11(b). The undersigned is considering whether to set a hearing concerning these possible violations." (Docket No. 498 p. 12)

[2]With respect to the one example that reveals no such misrepresentation, FTC's Statement of Undisputed Material Fact Number 260, the court orders that the Report and Recommendation be modified to omit this illustration.  The testimony immediately preceding the cited portions of the record reveals that the cited portions of Defendant Hatch's testimony does, in fact, relate to defendant IMG.  *See* FTC App. 3932–3934.  Thus, while the plaintiff should have cited the full portion of the relevant testimony, the record was not misrepresented in this instance and establishes that a packet with "a disclosure document" and "purchase agreement" was made available during IMG presentations.

**68]), which would provide its owner-operators with appointments with business owners who had indicated that they would like to have IMG terminals located in their place of business (IMG Adm 4233 [Adm 69]).**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 255 appears on pages six through eight of the Report and Recommendation. Despite its objection to this analysis, FTC acknowledges that the portions of the record cited in support of this statement of undisputed fact are incorrect and further admits that FTC should have cited IMG's Admission 49, which states that "representatives of IMG told consumers at IMG's sales shows that the business opportunities they purchased would include the benefits of IMG's 'Five State Location Assistance Program.'" (Docket No. 504 p. 7, citing FTC App. 4229)

While the Magistrate Judge, after searching the record, independently discovered that IMG's Responses to Requests for Admission Numbers 49 and 50, at FTC App. 4229, address this matter, the court properly observed that IMG *denied* Request for Admission Number 50, which is essentially a reformulation of Undisputed Fact Number 255 that asks IMG to "[a]dmit that representatives of IMG told consumers at IMG's sales shows that IMG's Five State Program would provide purchasers of IMG's business opportunities with appointments with business owners who had indicated that they would like to have IMG public-access internet terminals located in their places of business." (FTC App. 4229) FTC, perhaps in recognition thereof, does not attempt to rely on Request for Admission Number 50 in its Objection and, in fact, declines to address this denial altogether. Instead, FTC contends that it should have cited IMG's "presentation script" (PX 95), which FTC alleges "clearly support[s] FTC FS 255."

The facts remain, however, that Admissions 68 and 69 (the portion of the record cited in support of this undisputed fact) do not support the alleged fact and that neither Admission 49 nor

4

PX 95 were cited in FTC's original filing with the court. While the Magistrate Judge was able to

ferret out Admissions 49 and 50, he cannot be faulted for failing to unearth additional portions of

the 4,000+ page record which possibly could lend credence to this alleged statement of

undisputed fact. For these reasons, the court finds that FTC, intentionally or not, has

misrepresented the record in its attempts to establish Statement of Undisputed Fact Number 255.

**B.      Undisputed Fact #257: Gannon admits that Robin White obtained signed location contracts for IMG owner-operators (Ganon Dep 83:7-15, 87:18-88:10) for which RPM and IMG paid her (Gannon Dep 3856:5-14, 3857:6-10).**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 257 appears on

pages eight and nine of the Report and Recommendation. Again, though FTC lodges an

objection to this finding, it admits that the Report correctly notes that FTC counsel omitted page

87 of Gannon's deposition transcript.[3] In order to correct this omission, FTC has attached pages

86 through 88 of the Gannon deposition to its Objection and has reasserted that this testimony

"clearly establishes that Gannon has admitted that White sent IMG signed location contracts for

IMG owner-operators, and that IMG paid White for her services and the contracts." (Docket No.

504 p. 8)

The attached portions of the record, however, reveal no such thing. Page 87 of Gannon's

deposition states as follows:

---

[3]Notably, FTC does not respond to the Magistrate's observation that, as authority for the proposition that "Robin White obtained signed location contracts for IMG owner-operators," plaintiff does not cite to the FTC Appendix as it has done throughout its Statement of Undisputed Facts and for the remainder of Undisputed Fact Number 257. As a result, it likewise appears to this court that "Plaintiff has cited to the Court, as authority for an Undisputed Material Fact, a page of a deposition that Plaintiff *knows* is not properly a part of the record that has been filed with the Court." (Docket No. 498 p. 8 n.2) (emphasis in original)

5

Q.  Now I'd like to show you what's been marked as Plaintiff's Exhibit 321, which I believe is a copy of that same letter from Robin White to you; is that correct?

A.  Uh-huh – yes.

Q.  If you go back a couple of pages, there are several location contracts.  Are these the ones that were referred to as enclosures?

A.  I don't know if these are the ones that were supposed to be in that pile.  These are location contracts, *but I don't know if they're in reference to that letter.*

Q.  If you look at these contracts, Ms. Gannon, these have already been signed on behalf of the location owner; is that correct?

A.  Yes.

(Docket No. 504, Attachment A, p. 87) (emphasis added)  Thus, the cited record does not establish that the signed location contracts shown to Gannon during her deposition were either obtained by Robin White or sent by Robin White to IMG.  FTC's reliance on this testimony to establish this "fact" clearly constitutes a misrepresentation of the record.

C.      **Undisputed Fact #268: On or after October 17, 2003, a substantial number of the outbound telephone calls initiated by Sound Media and Guardian Enterprises/Communications on behalf of OSP, RPM, the FCT Entities, NEC and IMG were placed to telephone numbers listed on the National Do Not Call Registry maintained by the FTC (the "Do Not Call List"). PX 19:1317-20, 19:1337-1435; PX 24: 1684-57:1800.**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 268 appears on pages five and six of the Report and Recommendation.  FTC's objections to this analysis are as follows:

The Report (pp. 5-6) indicates that FTC cited only three exhibits in support of Statement of Fact 268.  However, FTC cited the Declarations of a North Carolina Assistant Attorney General and 33 individual consumers who received calls initiated on behalf of Defendants OSP, RPM, FCTLA, FCTAZ, NEC and IMG to

6

telephone numbers listed on the National Do Not Call Registry.  (*See* PX 19, 24–57)  These Plaintiff's Exhibits document almost a hundred Do Not Call complaints against Defendants OSP, RPM, FCTLA, FCTAZ, NEC, and IMG.

The Report (pp. 5-6) observes that the cited Plaintiff's Exhibits do not indicate that the calls in question were initiated by SoundMedia and/or Guardian Enterprises.  However, FTC's Statement of Fact 90 and 92 establish that the corporate Defendants (and specifically IMG) outsourced their voice broadcast campaigns to SoundMedia and Guardian.  Defendants Bonnallie, Cutler, Spraul, and Hatch do not dispute FTC's Statements of Fact 90 and 92.  Defendants IMG and Gannon do not dispute that "Guardian Enterprises performed voice broadcast services for IMG from February through July of 2004" (*see* Dkt. #434, p 31), and have admitted that relationship in discovery.  (FTC App 4233, [IMG Adm 68, 69]).

(Docket No. 504 pp. 9–10)

While it is unclear from the format of the citation, FTC does appear to cite more than three exhibits in support of this statement of undisputed fact– specifically exhibits 19 and exhibits 24 *through* 57.  However, while FTC claims that it cited the Declarations of a North Carolina Assistant Attorney General and 33 individual consumers who received calls initiated on behalf of Defendants OSP, RPM, FCTLA, FCTAZ, NEC and IMG to telephone numbers listed on the National Do Not Call Registry and that these exhibits "document almost a hundred Do Not Call complaints against Defendants OSP, RPM, FCTLA, FCTAZ, NEC, and IMG," only two of the complaints actually relate to defendant IMG.  Out of the 60 written complaints filed as attachments to the Affidavit of Nicole McConn, a "Telephone Privacy Project Specialist" employed by the Consumer Protection Division of the North Carolina Department of Justice,[4]

---

[4]To the extent Nicole McConn is the alleged "North Carolina Assistant Attorney General" to which FTC refers, her declaration does not support such a title.  The court has combed through the 216 pages cited in support of this Statement of Undisputed Fact and has found no declaration from a North Carolina Assistant Attorney General.

7

there is not one that names defendant IMG, SoundMedia and/or Guardian Enterprises as the initiator of the phone call.[5] The remaining cited portions of the record reveal that there are only two complaints that relate to defendant IMG and none that mentions either SoundMedia or Guardian Enterprises.[6] The Declaration of Michael Harkins (FTC App. 1684) establishes that Harkins complained about "one or more telephone calls... received from employees of Internet Marketing Group, Inc. ("IMG") after [he] registered [his] telephone number on the FTC's 'Do Not Call' Registry," and the Declaration of Phyllis Mercer (FTC App. 1687) demonstrates that she complained about "a telephone call" received from IMG after she registered her telephone number on the Registry. Thus, the record reveals, at best, that two people received phone calls from IMG employees after they registered their telephone numbers on the Do Not Call Registry. In the court's view, this evidence does not establish that a "substantial number" of calls allegedly initiated on IMG's behalf were placed to telephone numbers on the National Do Not Call Registry.[7]

What is more, however, is that the portions of the record cited by FTC reveal no connection whatsoever between the telephone calls complained of and SoundMedia and Guardian Enterprises/Communications. While FTC now claims that Statements of Undisputed

[5]Thirty-nine of these complaints specifically mention NEC as the initiator, one mentions OSP, and the rest have left the portion of the form inquiring as to the 'Name of the Telemarketing Company' blank or have listed it as 'unknown.'

[6]Elsewhere in the FTC's objection to the Report and Recommendation, the plaintiff admits that only two consumers filed complaints against IMG but asserts that this evidence supports an inference of IMG's "pattern or practice" in violating the Do Not Call provisions of the TSR. As later discussed, *infra* p.14, a Statement of Undisputed Facts is not the appropriate avenue for such inference and argument.

[7]Use of the term "substantial number" also renders the alleged Statement of Undisputed Fact vague and ambiguous.

Fact 90 and 92 support such a connection, neither of these statements, nor the portions of the record that allegedly support these statements, were cited in support of the statement of fact in question. Furthermore, as FTC acknowledges, IMG agrees only that "Guardian Enterprises performed voice broadcast services for IMG from February through July of 2004." Such agreement does not constitute an admission that IMG outsourced their entire "voice broadcast campaign" to Guardian or that the calls referred to in Statement of Undisputed Fact #268 originated from Guardian.

**D.      Undisputed Fact #191: Bonnallie's spreadsheet appears to have been the basis for the ROI [return on investment] projections. Bonnallie Ans to Int 4411 & 4436 [Ans 5].**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 191 appears on page six of the Report and Recommendation. FTC's objections to this analysis are as follows:

> The cited evidence establishes that Bonnallie developed the spreadsheet for 'FCT [*i.e.*, FCTLA and FCTAZ] and IMG' to allow business opportunity purchasers 'to input their own numbers into a business formula to create a hypothetical situation,' *i.e.*, hypothetical profit and ROI projections.... The fact that the '[f]ormulas in the spreadsheet were based on national averages derived from Summit Research' in no way contradicts the fact that the spreadsheet was the basis for, and was used to present, IMG's ROI projections.

(Docket No. 504 p. 10)

That formulas in the spreadsheet were based upon national averages does not, as the Magistrate Judge contends, "flatly contradict" the fact that IMG *could* have used the spreadsheet to create a hypothetical situation, including, presumably, an ROI projection. Even so, the evidence still does not support the stated fact. Bonnallie's Response to Interrogatory 5, cited in support of this statement of fact, states that he "developed a spreadsheet for FCT and IMG only

9

that allowed distributor [sic] to input their own numbers into a business formula to create a hypothetical situation" and that he "trained the seminar representatives for FCT and IMG on this spreadsheet and how distributors could use this to develop their own business plan and business model." This evidence, while suggestive, does not establish the undisputed fact that the spreadsheet served as the basis for IMG's ROI projections.

E.      **Undisputed Fact #50: Bonnallie admits that ... he participated, personally and directly, in at least some of IMG's marketing activities (Bonnallie Adm 4368 & 4425 [Adm 27]).**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 50 appears on page nine of the Report and Recommendation. FTC's objections to this analysis are as follows:

> The Report takes exception to the citation because the words "personally and directly" are not included in the Admission. However, evidence in the record, cited in support of FTC's Statements of Fact 49, 51, 394, and 497, establishes that Bonnallie held himself out to the public as an agent, representative or employee of IMG, participated in IMG's distributor training sessions, was in charge of telecommunication, computer and information technology for IMG, and taught IMG's "seminar representatives" how to use his spreadsheet in IMG presentations– making Bonnallie's involvement in "at least some of IMG's marketing activities" both direct and personal.

(Docket No. 504 pp. 10–11)

Even assuming the truth of FTC's assertion that Statements of Fact 49, 51, 394, and 497 demonstrate that Bonnallie was "personally and directly" involved in some of IMG's marketing activities, the Report and Recommendation's finding that "Plaintiff's allegedly undisputed fact is not supported by the citation Plaintiff has given" remains accurate. The citation originally provided by FTC does not demonstrate that Bonnallie "participated, personally and directly, in at least some of IMG's marketing activities."

10

**F.** **Undisputed Fact #272: Spraul was responsible for the corporate defendants day-to-day coordination of voice broadcast activities with the dialing companies. Spraul 4126:23-4127:10.**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 272 appears on pages nine and ten of the Report and Recommendation. FTC's objections to this analysis are as follows:

> The "all of that" for which Spraul explicitly admits responsibility– talking to the dialing companies, ordering the dials, and tracking the invoices– was the corporate Defendants' day-to-day coordination of voice broadcast activities with the dialing companies.

(Docket No. 504 pp.11–12) (emphasis in original) Thus, FTC simply takes it upon itself to label the duties recited by Spraul as constituting the "day-to-day coordination of voice broadcast activities with the dialing companies." FTC assumes without evidence that, because Spraul testified that she was "responsible for" these limited tasks, it logically follows that she was responsible for the "day-to-day coordination of voice broadcast activities with the dialing companies." While such an interpretation or deduction may permissibly be argued in FTC's briefs to the court in support of its Summary Judgment Motion, it is not sufficiently supported by the record to constitute a Statement of Undisputed Fact. Morever, as the Report and Recommendation points out, the surrounding testimony calls into question this very inference. Spraul testified that she was "never in charge of the relationship with the dial company" and that "nothing was paid to them without approval, and nothing went out– went out without the knowledge of ... Dave." For these reasons, the court agrees that the cited portion of the Spraul deposition plainly does not support the proposition asserted in Statement of Undisputed Fact Number 272.

**G.   Undisputed Fact #62:  Gannon participated in IMG's marketing activities (Gannon Dep 3861:12-16, 3862:12-25; Hatch Dep 3932:23-3933:24, 3943:20-3944:1) and in training IMG's owner-operators (IMG Adm 4221 [Adm 7]).**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 62 appears on page 11 of the Report and Recommendation.  FTC's objections to this analysis are as follows:

> [T]he evidence cited includes Gannon's admission that she has seen IMG's "presentations," Hatch's testimony that Gannon "came out" to IMG sales shows with him "once or twice," and Hatch's testimony that Cutler managed the IMG sales team "when Cindy [Gannon] wasn't around" (implying that Gannon managed the team when she was around).  Significantly, the IMG Defendants do not dispute that Gannon was present for some of IMG's presentations and was aware of the contents of those presentations," and that "Gannon made major marketing decisions for IMG."  (*See* Dkt. # 403, pp 20-21.)[8]  This undisputed evidence establishes that Gannon participated in IMG's marketing activities.

(Docket No. 504 p. 12)

To begin, what IMG agreed to in its Response to FTC's Statement of Undisputed Material Facts is not relevant for purposes of determining whether the portions of the record cited in support of FTC's Undisputed Fact Number 62 actually support the undisputed fact alleged.  Further, evidence that Gannon has seen IMG's presentations and "come out" to IMG sales shows once or twice does not constitute participation in IMG's marketing activities.  While evidence that Gannon managed the IMG sales team could possibly constitute participation in IMG's marketing activities, such an inference is not an appropriate basis upon which to assert a Statement of Undisputed Fact.  Moreover, the testimony cited does not clearly establish that Gannon managed the IMG sales team.

---

[8]FTC improperly cites IMG's Response to FTC's Statement of Undisputed Material Facts (Docket No. 434) as Docket No. 403.

**H.** **Undisputed Fact #71: Spraul admits that she participated, personally and directly, in the marketing activities that RPM conducted on behalf of the FCT Entities (Spraul 4146:15-4147:2) and, later, IMG (Spraul 4147:15-17, 4148:3-11).**

The Magistrate Judge's analysis of Statement of Undisputed Fact Number 71 also appears on page 11 of the Report and Recommendation. FTC's objections to the analysis are as follows:

> Statement of Fact 71 cited Spraul's deposition testimony that she attended four or five IMG sales shows, that she worked the front desk at those shows (for both the initial presentations and the follow-up presentations, or "closings"), and that she sat in on both the initial presentations and "a closing." This testimony clearly constitutes Spraul's admission that she participated, personally and directly, in the marketing activities that RPM conducted on behalf of IMG.

(Docket No. 504 pp. 12–13) FTC further avers, by way of footnote, that "[e]vidence cited in support of FTC's Statement of Fact 18, 363-363 [sic], 367, 369-374 establishes that RPM conducted most of IMG's marketing activities." (*Id*. p. 12) None of this evidence, however, was cited in support of Undisputed Fact Number 71.

Even assuming the truth of FTC's assertion that evidence cited in support of eight other previously uncited Statements of Undisputed Fact establishes that "RPM conducted most of IMG's marketing activities," the cited portion of Spraul's testimony does not reveal an admission that "she participated, personally and directly," in these marketing activities. Testimony that Spraul attended IMG sales shows, "worked" the front desk at some of these shows, and sat in on IMG presentations, does not, without the infusion of inference and argument, constitute an admission that she personally and directly participated in IMG marketing activities. Moreover, there is no support for the allegation that the particular shows attended or "worked" by Spraul were conducted by RPM– even presuming RPM conducted *most* of IMG's

13

marketing activities.

**G.     FTC's Remaining Objections**

The court agrees with the Magistrate Judge's declaration that the only way a Statement of Undisputed Facts can fulfill its intended function is if the parties, particularly the movant for summary judgment, are candid and honest with the court.  Such a statement is no place for assumption, inference, or argument– all of which are better served in the parties' briefs to the court.  Thus, FTC's common enterprise and deceptive pattern arguments should have been reserved  for the briefs and not have been utilized in reshaping or expanding the facts.  For example, a legal inference based upon alleged "pattern or practice" evidence does not constitute a "fact" for purposes of a statement of undisputed facts and FTC's attempt to integrate such inferences and argument into its Statement of Undisputed Facts has further rendered this filing out of compliance with Local Rule 8(b)(7)(b).

**IV.     <u>CONCLUSION</u>**

For these reasons, the court accepts the Magistrate Judge's Report and Recommendation entered on January 11, 2006 (Docket No. 498).  The Summary Judgment Motion of plaintiff FTC will be denied.

An appropriate order will issue.

Entered this 2nd day of February, 2006.

ALETA A. TRAUGER
United States District Judge

14